# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOSEPH PAPIA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ROYAL ADMINISTRATION SERVICES, INC. <br><br> Defendant. | Case No.: 19-cv- <br><br> **CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. Plaintiff Joseph Papia brings this action against defendant Royal Administration Services, Inc., ("Royal"), for violations of the Telephone Consumer Protection Act of 1991.

2. Defendant Royal impermissibly called plaintiff's cell phone without his prior express consent using an automatic telephone dialing service and/or an artificial or prerecorded voice ("Predictive Dialer"), in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Interstate Commerce); and 47 U.S.C. § 227 ("TCPA"). See *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005).

4. Venue and personal jurisdiction over Defendant in this District is proper because Defendant Royal maintains its registered agent for service of process and transacts business in the District.

## PARTIES

5. Plaintiff Joseph Papia is an individual who resides in Waukesha County, Wisconsin.

6. Defendant Royal Administration Services, Inc. is a foreign corporation chartered under the laws of Florida, with its principal place of business in Massachusetts.

**FACTS**

7. Royal Administration Services, Inc. is in the business of selling extended warranty services to consumers.

8. Beginning in 2018, Defendant initiated multiple telephone calls to Plaintiff's personal cellular telephone number by using an "automatic telephone dialing system" (or "ATDS"), as defined by 47 U.S.C. § 227(a)(1), and/or an artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227(b)(1)(A), to make unsolicited phone calls.

9. At no time did Plaintiff consent to receive such unsolicited telephone calls from Defendant.

10. These telephonic communications constituted a telephone solicitation, as defined by 47 U.S.C. § 227(a)(4).

11. Defendant's calls were not for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

12. Defendant's calls were placed to a telephone number assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

13. Defendant did not have prior written express consent to call Plaintiff and make these telephone solicitations, as defined by 47 U.S.C. § 227(a)(4).

14. On information and belief, Plaintiff believes that Defendant used an "automatic telephone dialing system" (or "ATDS"), as defined by 47 U.S.C. § 227(a)(1) to call Plaintiff because Plaintiff heard dead air prior to speaking Defendant's representative.

15. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. These telephone communications by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

17. Through the aforementioned conduct, Defendant has violated 47 U.S.C. § 227 et seq.

**CLASS ACTION ALLEGATIONS**

18. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

19. Plaintiff represents, and is a member of the Class, consisting of: All persons within the United States, who received any telephone call/s from Defendant or its agent/s and/or employee/s to said person's cellular telephone, made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded voice, which call was not made for emergency purposes, within the four years prior to the filing of the Complaint.

20. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

21. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via an ATDS and/or a prerecorded voice on their cellular telephones, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

22. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any

recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

23. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

24. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agents sent any unsolicited telephone calls (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing and/or artificial or prerecorded voice to any telephone number assigned to a cellular phone service;

b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation;

c) Whether Defendant and its agents should be enjoined from engaging in such conduct in the future, and

d) Whether Plaintiff and the Class are entitled to any other relief.

25. As a person who received at least one unsolicited telephone call without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

26. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of

law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

27. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

28. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.**

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

31. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

32. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

35. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

36. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### JURY DEMAND

37. Plaintiff hereby demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

38. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B), plus costs of this action.

39. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

40. Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B), plus costs of this action.

42. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

43. Any other relief the Court may deem just and proper.

Dated: July 17, 2019

**ADEMI & O'REILLY, LLP**

By: /s/ Robert K. O'Reilly
Robert O'Reilly (SBN 1027032)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
Phone No.: 414-482-8000
Fax No.: 414-482-8001
roreilly@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com