UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

JOSEPH PAPIA, Individually and on Behalf of
All Others Similarly Situated.

        Plaintiff,

    vs.                                  Case No. 19-cv-582

ROYAL ADMINISTRATION SERVICES, INC.,

        Defendant.

## DEFENDANT'S ANSWER AND DEFENSES

Defendant Royal Administration Services, Inc. ("Defendant" or "Royal Administration"), by and through its attorneys, Jackson Lewis, P.C., answers the Complaint as follows. Allegations in the Complaint that are not specifically admitted are denied.

1.      Paragraph 1 sets forth a general description of Plaintiff's action, to which no response is required.  To the extent a response is required, Defendant denies all liability whatsoever to Plaintiff.

2.      Deny.

3.      Paragraph 3 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits that the Court has subject matter jurisdiction.

4.      Paragraph 4 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits that it maintains a registered agent for service of process within this District.

5.      Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 and denies them on that ground.

6.      Admit.

7.      Deny.

8.      Deny.

9.      Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 and denies them on that ground.

10.     Paragraph 10 states a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies it made any telephone calls to Plaintiff.

11.     Paragraph 11 states a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies it made any telephone calls to Plaintiff.

12.     Paragraph 12 states a legal conclusion, to which no response is required.  To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 and denies them on that ground.  Defendant further denies it made any telephone calls to Plaintiff.

13.     Paragraph 13 states a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies it made any telephone calls to Plaintiff.

14.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 and denies them on that ground.  Defendant further denies it made any telephone calls to Plaintiff.

15.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 and denies them on that ground.  Defendant further denies it made any telephone calls to Plaintiff.

16.     Paragraph 16 states a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies it made any telephone calls to Plaintiff.

17.     Paragraph 17 states a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies.

18.     Defendant admits that Plaintiff has brought this action on behalf of himself and purports to bring an action "on behalf of all other similarly situated."  Defendant denies all liability to Plaintiff or any purported class.  Defendant denies that class treatment is appropriate in this action.

19.     Deny.  Defendant denies that class treatment is appropriate in this action.

20.     Deny.  Defendant denies that class treatment is appropriate in this action.

21.     Deny.  Defendant denies that class treatment is appropriate in this action.

22.     Paragraph 22 appears to set forth a description of what Plaintiff intends to do with this action and a reservation of rights.  No response is required.  Defendant, however, denies any liability whatsoever in this action and denies that class treatment is appropriate in this action.

23.     Deny.  Defendant denies that class treatment is appropriate in this action.

24.     Deny.  Defendant denies that class treatment is appropriate in this action.

25.     Deny.  Defendant denies that class treatment is appropriate in this action.

26.     Deny.  Defendant denies that class treatment is appropriate in this action.

27.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and denies them on that ground.

28.     Deny.  Defendant denies that class treatment is appropriate in this action.

29.     Defendant incorporates by reference, as if fully restated herein, each of the foregoing paragraphs.

30.     Paragraph 30 states a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies.

31.     Paragraph 31 states a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies.  Defendant denies that class treatment is appropriate in this action.

32.     Paragraph 32 states a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies.  Defendant denies that class treatment is appropriate in this action.

33.     Defendant incorporates by reference, as if fully restated herein, each of the foregoing paragraphs.

34.     Paragraph 34 states a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies.

35.     Paragraph 35 states a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies.  Defendant denies that class treatment is appropriate in this action.

36.     Paragraph 36 states a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies.  Defendant denies that class treatment is appropriate in this action.

37.     Paragraph 37 states a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies.

38.     Paragraph 38 does not state an allegation requiring a response from Defendant. To the extent a response is required, Defendant denies.  Defendant denies all liability whatsoever in this action and further denies that class treatment is appropriate.

39.     Paragraph 39 does not state an allegation requiring a response from Defendant. To the extent a response is required, Defendant denies.

40.     Paragraph 40 does not state an allegation requiring a response from Defendant. To the extent a response is required, Defendant denies.

41.     Paragraph 41 does not state an allegation requiring a response from Defendant. To the extent a response is required, Defendant denies.  Defendant denies all liability whatsoever in this action and further denies that class treatment is appropriate.

42.     Paragraph 42 does not state an allegation requiring a response from Defendant. To the extent a response is required, Defendant denies.

43.     Paragraph 43 does not state an allegation requiring a response from Defendant. To the extent a response is required, Defendant denies.

## **GENERAL DENIAL**

Defendant denies every allegation whether express or implied, that is not unequivocally and specifically admitted in the Answer.

## **DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES**

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant states the following defenses:

A.      One or more of Plaintiff's claims fail to state a claim upon which relief may be granted.

B.      Plaintiff lacks standing to maintain the instant cause of action on behalf of himself or other unnamed putative class members.

C.      Royal Administration denies that Plaintiff and/or the putative class members suffered any injury, but to the extent Plaintiff and/or the putative class members claim to have suffered damage, Plaintiff and/or the putative class members failed to mitigate their damages, if any.

5

D. Plaintiff and/or the putative class members' damages, if any, were caused by the acts or omissions of others over whom Royal Administration had no control.

E. With regards to Plaintiff's claims, Plaintiff has not shown facts demonstrating that Defendant engaged in any unlawful conduct.

F. The complaint, and each cause of action contained therein, is barred by the doctrine of avoidable consequences.

G. Plaintiff and/or the putative class members' claims are barred by applicable limitations on actions, including the statute of limitations.

H. Plaintiff and/or the putative class members' claims are barred because Plaintiff has sued the wrong entity.

I. The liability, if any, of Royal Administration must be reduced by the percentage of fault of Plaintiff and others.

J. Plaintiff and/or the putative class members' claims are barred because any injury they suffered was the result of the actions of an intervening superseding cause over whom Royal Administration had no control.

K. If Plaintiff and/or the putative class members suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct or intervening acts of others and Plaintiff and/or the putative class members, and not by Royal Administration.

L. Plaintiff has not and cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

M.   Plaintiff is not "similarly situated" to other putative class members.

N.   This action may not be properly maintained as a class action because Plaintiff cannot establish the necessary procedural elements for class treatment, a class action is not an appropriate method for fair and efficient adjudication of the claims described in the Complaint, common issues of fact or law do not predominate, individual issues of fact or law predominate, Plaintiff's claims are not representative or typical of the claims of the putative class, Plaintiff is not an adequate representative for the alleged putative class, and there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the alleged putative class.

O.   Plaintiff's attempt to pursue his claims as a class action fail because an independent and individual analysis of the claims of each Plaintiff and putative class member, and each of Defendant's defenses, is required.

P.   Because liability may be not determined by a single jury on a class-wide basis, allowing this action to proceed as a class action would violate Defendant's rights to a jury trial under the Seventh Amendment.

Q.   Plaintiff's attempt to pursue his claims as a class action violates Defendant's constitutional rights to due process because Defendant has a due process right to raise every defense applicable to Plaintiff and each individual putative class members at every stage of this action.

R.   This case should not be allowed to proceed as a class action because the resulting proceedings and trial would not be manageable.

S.   Plaintiff's proposed class definitions are vague, overbroad and/or merits-based.

T.   Plaintiff cannot establish and maintain a representative action because conflicts of interest exist among putative class members.

U.   Upon information and belief, Defendant meets the safe harbor requirements for calls to numbers recently ported from landlines to cell phones, as set forth in 47 C.F.R. § 64.1200(a)(iv).  Therefore, Defendant is not liable for any calls made to wireless phones ported during this safe harbor period.

V.   In order to determine if any of Defendant's alleged calls were made to a purported class member's cell phone, the Court would need to determine: (a) whether the number allegedly called was a cell phone number at the time of the alleged call; (b) whether the number allegedly called had been ported from a landline to a cellphone number within 15 days prior to receiving the alleged call; and (c) if the number allegedly called had been so ported.  Because the above determinations would require case-by-case factual determinations (essentially mini-trials), this case is not appropriate as a class action.

W.   Plaintiff and/or the putative class members may have provided prior express consent to receive the alleged calls, either directly or indirectly, and therefore there is no liability under the TCPA for such calls.  Because the above determination would require case-by-case factual determinations (essentially mini-trials), this case is not appropriate as a class action.

X.   Plaintiff and/or the putative class members are not entitled to any equitable or injunctive relief because they have suffered no irreparable injury based on any alleged conduct of Royal Administration, and Plaintiff and/or the putative class members have an adequate remedy at law for any such alleged conduct.

Y.    Royal Administration has engaged attorneys to represent it in defense of Plaintiff's action.  Accordingly, in the event that the action is found to be frivolous, unfounded, and/or unreasonable, Royal Administration would be entitled to an award of reasonable attorneys' fees upon judgment in its favor.

Z.    Defendant's compliance with the statutes, rules, and regulations, which govern the subject matter of this lawsuit, may preclude their liability to Plaintiff and some or all of the putative class members.

AA.    Royal Administration at all times acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiff and/or the putative class members against Royal Administration.

BB.    Royal Administration owed no duty to Plaintiff and/or the putative class members.  To the extent a duty was owed, Royal Administration did not breach any duty to Plaintiff and/or the putative class members.

CC.    No persons or entities were authorized by Royal Administration to commit any conduct alleged in the Complaint.

DD.    Plaintiff and/or the putative class members' claims may be barred, in whole or in part, by the doctrines of waiver, laches, estoppel and/or unclean hands.

EE.    Plaintiff and/or the putative class members may have knowingly, intentionally, and voluntarily assumed the risk of the conduct, events, and matters alleged in the Complaint and the damages, if any, incurred by Plaintiff and/or the putative class members are the direct and proximate result of the risk so assumed.

FF.    Plaintiff and/or the putative class members, by their own actions and conduct, may have failed to exercise reasonable care and diligence on their own behalf;

thereby causing or contributing to their alleged injuries and damages, if any. Plaintiff and/or the putative class members' recovery therefore must be reduced or eliminated altogether by the proportion of damages caused by their acts and conduct.

GG.   Plaintiff and/or the putative class members may have no private right of action to seek all or some of the relief sought in the Complaint.

HH.   Plaintiff and/or the putative class members' claims may be barred because Plaintiff and/or the putative class members acquiesced to any conduct engaged in by Defendant.

II.   Plaintiff and/or the putative class members' claims may be barred because the relief sought by Plaintiff and/or the putative class members would, if granted, unjustly enrich Plaintiff and/or the putative class members.

JJ.   Plaintiff and/or the putative class members' recovery are barred in whole or in part to the extent that they seek damages that would constitute a duplicative recovery.

KK.   Plaintiff may have failed to join necessary, indispensable, and/or proper parties.

LL.   Plaintiff and/or the putative class members' claims are limited to the extent that any telephone calls which are alleged to have violated the TCPA are exempt from liability under that Act.

MM.   Defendant has not willfully or knowingly violated any provision, subsection, or regulation under the TCPA and, therefore, Plaintiff and/or the putative class members are not entitled to treble damages.

NN.    Because the Complaint is couched in conclusory terms and Royal Administration does not presently know all facts respecting the conduct of Plaintiff and/or the putative class members sufficient to state all affirmative defenses at this time, Royal Administration cannot fully anticipate all defenses that may be applicable to this action.  Accordingly, Royal Administration reserves the right to supplement or amend its answer to add any and all additional defenses which may arise during litigation.

## CONCLUSION

**WHEREFORE**, having fully answered the Complaint, Royal Administration Services, Inc. respectfully requests that this Court:

1.    Dismiss Plaintiff's claims with prejudice;

2.    Deny each and every demand, claim, and prayer for relief contained in the complaint;

3.    Enter judgment for Royal Administration on all counts;

4.    Award to Royal Administration reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

5.    Grant such other and further relief as the Court may deem just and proper.

Dated this 2nd day of December, 2019.

s/Tony H. McGrath
Tony H. McGrath, WI Bar # 1042806
JACKSON LEWIS P.C.
1 South Pinckney Street, Suite 930
Madison, WI  53703
Direct Tel:  (608) 807-5274
Direct Fax:  (608) 260-0058
Tony.McGrath@JacksonLewis.com
*Attorneys for Defendant Royal Administration*
*Services, Inc.*

4816-2021-0350, v. 1